UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
:
EDWARD BRONSTON, : CASE NO. 1:13-CV-1526
:
Petitioner, :
:
vs. : OPINION & ORDER
: [Resolving Doc. No. 1]
D.R.C. :
C/O MARION CORRECTIONAL INST., :
:
Respondent. :
:
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro se* petitioner Edward Bronston filed this petition for a writ of procedendo against the Ohio Department of Rehabilitation and Correction "c/o the Marion Correctional Institution." Bronston is incarcerated in the Marion Correctional Institution, having been convicted in 2004 of rape and kidnaping with sexual motivation. In his petition, Bronston claims that, pursuant to a mandate from the Ohio Court of Appeals, the trial court issued a corrected judgment entry to clarify his sexual offender registration status. That judgment entry only made the correction required by the Court of Appeals and did not restate the fact of his conviction or the term of imprisonment to which he was sentenced. Bronston therefore concludes that his conviction has been overturned and he is no longer subject to a term of incarceration. He demands to be released from prison.

Bronston also filed an Application to Proceed *In Forma Pauperis* (Doc. No. 2). That Application is granted.

**I. Background**

Bronston pled guilty in 2004 in Cuyahoga County Court of Common Pleas Case No. CR-451589 to charges of rape of a child under the age of 13 and kidnaping with sexual motivation. He was sentenced to a total of 13 years in prison with post release control for the maximum period allowed by Ohio Revised Code §2967.28. The trial court additionally found Bronston to be a "sexually oriented offender" under Megan's Law, former Ohio Revised Code § 2950.[1] A "sexually oriented offender" was required to register with the sheriff in the counties of his/her residence, employment, and school annually for a period of ten years. This registration was not subject to community notification, and as such, the information the offender was required to provide to the sheriff was not shared with the public.

Bronston filed a Motion for Resentencing in 2010 claiming his sentence was void because his journal entry of conviction did not specify the period of post release control he would be required to serve. The trial court conducted a hearing on March 22, 2010, imposed the original thirteen-year sentence of imprisonment, and imposed a five-year term of post release control. The trial court then revisited Bronston's sex offender registration status and held that Megan's Law no longer applied to Bronston due to the enactment of the Adam Walsh Act after

---

[1] Ohio version of "Megan's Law" became effective July 1, 1997. *See* former OHIO REV. CODE § 2950; *State v. Cook*, 83 Ohio St.3d 404, 406 (1998). Megan's Law modified existing sex offender classifications and registration requirements, and classified those individuals convicted of sexual offenses as either "sexually oriented offenders", "habitual sex offenders", or "sexual predators." Classification as a "sexually oriented offender" occurred by operation of law, and carried the least restrictive registration requirements.

-2-

his conviction.[2] The court determined that under the Adam Walsh Act, Bronston's crimes required him to be classified as a Tier III sexual offender, the most restrictive registration. As a Tier III sexual offender, Bronston was required to register his home and employment addresses with the county sheriff's office every ninety days for the remainder of his life. He was also subject to community notification, and was prohibited from residing within 1,000 feet of a school, preschool or day care facility.

Bronston appealed his classification as a Tier III sexual offender. The Eighth District Court of Appeals determined that the trial court erred in reclassifying Bronston under the Adam Walsh Act, reversed the court's determination that Bronston was a Tier III sexual offender and remanded the action to the trial court with an order to reinstate Bronston's prior sex offender classification under Megan's Law. In compliance with this mandate, the trial court issued a journal entry on October 14, 2011 vacating the determination that Bronston was a Tier III sex offender, and reinstating its original finding that he is a sexually oriented offender under Megan's Law. That entry addressed only Bronston's sexual offender classification and did not restate the other portions of Bronston's prior judgment entry, including the fact of his conviction, or length of his sentence of imprisonment. The court issued another entry on the same day simply stating, "case is terminated." (Doc. No. 1-1 at 1).

Bronston concludes that because the trial court did not restate all of the elements of his

---

[2] The Adam Walsh Act, enacted on June 30, 2007, Ohio House Bill 10, amended Ohio's version of Megan's Law by restructuring the offender classification scheme and modifying registration and community notification requirements. The Adam Walsh Act now classifies offenders by statute as "Tier I", "Tier II", and "Tier III" based solely on the offense of conviction. No consideration is given to the offender's risk to the community or likelihood of recidivism.

original judgment entry and stated that the "case is terminated," his conviction was overturned and he is no longer subject to a term of incarceration. He seeks immediate release from prison. He indicates he cannot pursue remedies through the state courts because his case has been terminated and he has no case to contest. He does not assert legal claims in his Petition.

## II. Legal Standard

Although Bronston filed this action as a petition for a writ of procedendo, he challenges his Ohio conviction and sentence and seeks release from prison. The exclusive vehicle for prisoners in custody pursuant to a state court judgment who wish to challenge anything affecting that custody is a petition for a writ of habeas corpus under 28 U.S.C. §2254. *Greene v. Tennessee Dep't of Corrections*, 265 F.3d 369, 372 (6th Cir. 2001); *see James v. Walsh*, 308 F.3d 162, 167 (2d Cir. 2002) ("[A] state prisoner may challenge either the imposition or the execution of a sentence under Section 2254."). Bronston must proceed, if at all, under 28 U.S.C. § 2254. *Greene*, 265 F.3d at 372.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which amended 28 U.S.C. § 2254, was signed into law on April 24, 1996 and applies to habeas corpus petitions filed after that effective date. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997); *see Woodford v. Garceau*, 538 U.S. 202, 210 (2003); *Barker v. Yukins*, 199 F.3d 867, 871 (6th Cir. 1999). The AEDPA was enacted "to reduce delays in the execution of state and federal criminal sentences, and 'to further the principles of comity, finality, and federalism.'" *Woodford*, 538 U.S. at 206 (citing *Williams v. Taylor*, 529 U.S. 362, 436 (2000)). Consistent with this goal, when reviewing an application for a writ of habeas corpus by a person in custody pursuant to the

judgment of a state court, a determination of a factual issue made by a state court shall be presumed to be correct. *Wilkins v. Timmerman-Cooper*, 512 F.3d 768, 774-76 (6th Cir. 2008). The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). A federal court, therefore, may not grant habeas relief on any claim that was adjudicated on the merits in any state court unless the adjudication of the claim either: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Wilkins*, 512 F.3d 768, 774 -76 (6th Cir. 2008).

### III.  Procedural Barriers to Habeas Review

In addition, before a federal court will review the merits of a petition for a writ of habeas corpus, a petitioner must exhaust all possible state remedies or have no remaining state remedies. 28 U.S.C. § 2254(b) and (c); *see Baldwin v. Reese*, 541 U.S. 27 (2004). Exhaustion is fulfilled once a state supreme court provides a convicted defendant a full and fair opportunity to review his or her claims on the merits. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).

To be properly exhausted, each claim must have been "fairly presented" to the state courts. *See e.g. Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Frazier v. Huffman*, 343 F.3d 780, 797 (6th Cir. 2003). Fair presentation requires that the state courts be given the

opportunity to see both the factual and legal basis for each claim. *Wagner*, 581 F.3d at 414. For the claim to be exhausted, it must be presented to the state courts as a federal constitutional issue, not merely as an issue arising under state law. *Koontz v. Glossa*, 731 F.2d 365, 369 (6th Cir. 1984). Moreover, the claim must be presented to the state courts under the same legal theory in which it is later presented in federal court. *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998). It cannot rest on a legal theory which is separate and distinct from the one previously considered and rejected in state court. *Id.* This does not mean that the applicant must recite "chapter and verse" of constitutional law, but the applicant is required to make a specific showing of the alleged claim. *Wagner,* 581 F.3d at 414.

## IV. Analysis

Bronston's petition contains several fatal flaws. First, it does not contain any federal claims for relief. A federal habeas court sitting in review of a state court judgment cannot second guess a state court's decision concerning matters of state law. *Greer v. Mitchell*, 264 F.3d 663, 675 (6th Cir. 2001); *Gall v. Parker*, 231 F.3d 265, 303 (6th Cir. 2000) ("Principles of comity and finality equally command that a habeas court can not revisit a state court's interpretation of state law"). Therefore, a claim based solely on an error of state law is not redressable through the federal habeas process. *Norris v. Schotten*, 146 F.3d 314, 328-29 (6th Cir. 1998); *Hutchison v. Marshall*, 744 F.2d 44, 46-47 (6th Cir. 1984). Bronston's petition contains very few factual allegations and no legal claims. Unless Bronston asserts that his conviction, sentence or continued incarceration violates federal constitutional law, this Court cannot disturb a state court judgment.

Furthermore, even if Bronston had asserted grounds for relief arising under the United States Constitution, this Court could not address the merits of those grounds unless Bronston first presented them to the state courts. Bronston, however, states that there is no remedy for him to pursue because he has no criminal case to challenge. He contends his conviction and sentence were terminated but he has not been released from prison. An inmate who claims he is being held beyond the expiration of his sentence may seek relief under Ohio Revised Code § 2725.01, Ohio's state habeas corpus statute. *See Frazier v. Stickrath*, 42 Ohio App. 3d 114, 115-16 (1988)("The statutory language of Ohio Revised Code § 2725.01 clearly permits an individual to petition [the State of Ohio] for a writ of habeas corpus if his maximum sentence has expired and that individual is being held unlawfully.) An Ohio writ of habeas corpus is an extraordinary writ which will be granted only when an individual meets the stringent criteria under the statute and is without an adequate remedy at law. *See Id.* at *2 (citing Burch *v. Perini*, 66 Ohio St.2d 174 (1981)). While that remedy is very narrow and ultimately may prove inapplicable to Bronston's case, he cannot claim he is unable to exhaust his state court remedies because his case has been terminated. Bronston must first exhaust all available state court remedies prior to filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254.

## V. Conclusion

Accordingly, Bronston's Application to Proceed *In Forma Pauperis* (Doc. No. 2) is granted, the Petition is denied and this action is dismissed without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, the Court CERTIFIES pursuant to 28 U.S.C. §1915(a)(3) that an appeal from this decision could not be taken in good faith, and there

is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b).

    IT IS SO ORDERED.

Dated: December 18, 2013            *s/ James S. Gwin*
                                              JAMES S. GWIN
                                              UNITED STATES DISTRICT JUDGE